UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>    v.<br><br>SHANE SCOTT OLNEY,<br><br>                   Defendant. | NO: 1:13-CR-2094-TOR-19<br><br>FINDINGS OF FACT AFTER BENCH TRIAL |

On February 16, 2016, Shane Scott Olney appeared before the Court for a bench trial. Mr. Olney was represented by J. Jarrette Sandlin and Benjamin D. Seal appeared on behalf of the government. After hearing witnesses' testimony and reviewing the parties' exhibits, the Court found Defendant guilty of Count 16 of the Indictment filed on August 13, 2013, charging him with Unlawful Animal Fighting Venture.

BACKGROUND

Defendant was charged in count 16 of the Indictment with violation of 7 U.S.C. § 2156(a)(1) and 18 U.S.C. § 2, Unlawful Animal Fighting Venture. ECF

FINDINGS OF FACT AFTER BENCH TRIAL ~ 1

No. 89 at 24-25.  The Government chose not to proceed on the remaining nine

counts of the Indictment against the Defendant and those counts will be dismissed

by the Court.  In count 16, it is alleged that "[o]n or about February 2, 2013, in the

Eastern District of Washington, Defendants . . .  Shane Scott Olney . . . and others,

as principals and as aiders and abettors, knowingly  sponsored and exhibited an

animal, namely, a rooster, in an animal fighting venture in and affecting interstate

commerce; all in violation of [federal law]."  *Id.*  In order to find the Defendant

guilty of Unlawful Animal Fighting Venture in violation of 7 U.S.C. § 2156(a)(1),

the Government was required to prove beyond a reasonable doubt the following

elements:

> (1)  The Defendant knowingly sponsored or exhibited a rooster in an animal
>
>       fighting venture; and
>
> (2)  The animal fighting venture was an event, in or affecting interstate or
>
>       foreign commerce, involving a fight between two or more animals for
>
>       purposes of sport, wagering, or entertainment.

A defendant may be found guilty of a crime, even if the defendant personally did

not commit the act or acts constituting the crime, but rather aided and abetted in its

commission.  In order to be found guilty as an aider and abettor, the Government

was required to prove (1) the crime of unlawful animal fighting venture was

committed by someone, (2) the defendant aided, counseled, commanded, induced

FINDINGS OF FACT AFTER BENCH TRIAL ~ 2

or procured that person with respect to at least one element of the crime, (3) the

defendant acted with the intent to facilitate the crime, and (4) the defendant acted

before the crime was competed.  *See* Ninth Circuit Model Jury Inst. 5.1; *Rosemond*

*v. United States*, 134 S.Ct. 1240 (2014).

## FINDINGS

Here the parties stipulated to the following facts, which stipulation the Court

accepts:

> Government's Exhibit 1 contains a video recording that is an accurate
> depiction of the events that occurred on February 2, 2013, at
> Defendant's residence at 9190 Marion Drain Road, Toppenish,
> Washington.

> The video depicts an animal fighting venture, where roosters are made
> to fight each other.

> Persons placed bets on the outcome of the rooster fights depicted in
> the video. Gaffes were attached to the roosters. The gaffes attached to
> the roosters were not manufactured in the state of Washington.

> Some of the roosters were transported to the rooster fight from outside
> of the state of Washington.

ECF No. 921.

Pursuant to Fed. R. Crim. P. 23(c), the Court makes the following additional

findings of fact:

On February 2, 2013, Defendant hosted or sponsored a cock fighting event

on his property located at 9190 Marion Drain Road, Toppenish, Washington,

FINDINGS OF FACT AFTER BENCH TRIAL ~ 3

within the Eastern District of Washington. In that regard, Defendant admitted that

he invited people to bring their roosters to fight at his property. On that occasion,

the cockfighting actually took place inside one of Defendant's barns located on his

property. Defendant estimated that half the people in attendance were mere

spectators and the other half brought roosters to fight. Defendant explained that a

fee was paid (typically $500) to enter a rooster in a cockfight, with the winner

taking the pot. The video of the cockfighting event shows at least a couple dozen

people in attendance surrounding the cockfighting pit. Defendant admitted that he

charged $20 per vehicle to park on his property for the event. Defendant admitted

that he offered and sold plates of tacos for $10 each and soda pop for $1 each to

the attendees. Defendant admitted that he typically made $1,500 to $2,500 for

hosting a cockfighting event. On two occasions, the February 2, 2013 video shows

Defendant standing in the fighting pit, holding a Lamona rooster and waving it in

front of a fighting rooster. Defendant admitted that his conduct was known as

warming up the fighting rooster and it was intentionally done to make the fighting

rooster aggressive before the fight.

      While the evidence did not show that Defendant personally exhibited or

sponsored any particular rooster he owned in the animal fighting venture held on

February 2, 2013, the evidence shows that Defendant hosted the entire animal

fighting venture: invited the participants and spectators; provided the facilities,

FINDINGS OF FACT AFTER BENCH TRIAL ~ 4

parking and refreshments; assisted the participants by displaying one of his roosters in an effort to warm up the fighting roosters before the fight; and profited from the entire event.

Accordingly, the Court finds the Defendant guilty of count 16, knowingly aiding and abetting the exhibition and sponsoring of an animal, to wit roosters, in an animal fighting venture, in or affecting interstate commerce.

Defendant posits several defenses to the crime, all of which the Court rejects. Defendant argues that cockfighting is allowed in a few states, including Oklahoma, and since people in those states can lawfully engage in cockfighting it is a violation of Defendant's Constitutional rights of due process and equal protection to punish him in this case. Defendant explains that if cockfighting is not outlawed by a state and the live bird involved was not bought, sold, or transported in interstate commerce, there is no federal violation. *See* 7 U.S.C. § 2156(a)(3). Defendant cites no authority to support his Constitutional argument. The premise upon which Defendant's argument is based is mistaken. Since at least 2002, Oklahoma has outlawed all forms of cockfighting. *See e.g.,* 21 Okl. St. Ann. § 1692.4 (Servicing or facilitating cockfight). Reportedly, the last state in the nation to outlaw cockfighting was Louisiana, in 2008, well before the events at issue here. *See* La. Stat. Ann. § 14:102.23 (Cockfighting).

FINDINGS OF FACT AFTER BENCH TRIAL ~ 5

Moreover, Congress' reliance on non-uniform state laws in defining the federal

offense does not violate the equal protection clause.  *See United States v. Collins*,

61 F.3d 1379, 1383 (9th Cir. 1995) (citing *United States v. Houston*, 547 F.2d 104,

107 (9th Cir. 1976) ("In exercising its powers under the commerce clause,

Congress had broad power to define that class of convicted criminals to whom the

statute would apply, so long as it did not do so invidiously or with reference to a

suspect classification.")).  Here, every state including Washington, RCW

16.52.117, has outlawed cockfighting and Congress has exercised its powers under

the commerce clause to legislate against Defendant's conduct.  There is no

Constitutional violation.

Defendant's policy arguments concerning retrocession of the Washington

state laws applicable on the Yakama Nation Reservation back to the federal

government are not well taken.  Retrocession has not occurred here and therefore it

would be pure speculation to guess how that would affect a case like this in the

future.  *See* Court's Order Re: Pretrial Motions, ECF No. 888 at 10-12.

Next, Defendant argues that the government is unconstitutionally

encroaching upon his First Amendment religious beliefs, and the federal statute, as

applied to him, is unconstitutional.  Defendant explains that as a baptized Catholic,

and an enrolled member of the Yakama Nation, he "has a sincerely held religious

belief that the Holy Scriptures quoted in Genesis 1:26-28, supra, entitles him to

FINDINGS OF FACT AFTER BENCH TRIAL ~ 6

1  rule over his fighting roosters, to breed them, exhibit them, train them, and to

2  present them for gamecock fighting."  ECF No. 928 at 3.

3    Aside from the fact that the conduct Defendant claims to be protected is not

4  the conduct for which he was tried and convicted, the Court finds the federal

5  statute at issue does not unconstitutionally encroach upon his First Amendment

6  rights.

7    The First Amendment's Free Exercise Clause provides that "Congress shall

8  make no law ... prohibiting the free exercise [of religion]." U.S. Const. amend. I.

9  The right to exercise one's religion freely, however, "does not relieve an individual

10  of the obligation to comply with a valid and neutral law of general applicability on

11  the ground that the law proscribes (or prescribes) conduct that his religion

12  prescribes (or proscribes)."  *Emp't Div. v. Smith*, 494 U.S. 872, 879 (1990) (internal

13  quotation marks omitted).  Under the rule announced in *Smith* and affirmed in

14  *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993), a

15  neutral law of general application need not be supported by a compelling

16  government interest even when "the law has the incidental effect of burdening a

17  particular religious practice."  Such laws need only survive rational basis review.

18  *Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999).  Because the statute at issue

19  here makes no reference to any religious practice, conduct, belief, or motivation,

20  and Defendant points to nothing to so indicate, the statute is facially neutral.

FINDINGS OF FACT AFTER BENCH TRIAL ~ 7

Next, the Court must determine whether the statute is generally applicable. A law is not generally applicable if it, "in a selective manner [,] impose[s] burdens only on conduct motivated by religious belief." *Lukumi*, 508 U.S. at 543. Defendant has presented no evidence whatsoever that the statute at issue applies selectively against Catholics or that it has been enforced in a selective manner to burden a religious belief.

The Court finds that the statute at issue is a neutral law of general applicability and thus, it is reviewed for a rational basis. Under rational basis review, the statute must be uphold if it is rationally related to a legitimate governmental purpose. Defendant has "the burden to negat[e] every conceivable basis which might support [the statute]", a burden he has failed to meet. *See F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 314-15 (1993). Here, the statute is related to prevention of cruelty to animals and thus, survives rational basis review.

Defendant contends that his arrest in a closed area on the Yakima Nation Reservation was wrong. He does not posit a remedy for such wrong and there is none. An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction. *United States v. Crews*, 445 U.S. 463, 474 (1980) (citations omitted). The Court does not find Defendant's arrest to be unlawful, but even if it were, there is no remedy here.

The Court rejects Defendant's various defenses to the charge.

FINDINGS OF FACT AFTER BENCH TRIAL ~ 8

**IT IS HEREBY ORDERED:**

1. The Court finds Defendant GUILTY of count 16 of the Indictment filed August 13, 2013, charging Defendant with a violation of 7 U.S.C. § 2156(a)(1) and 18 U.S.C. § 2, Unlawful Animal Fighting Venture.

2. The Court DISMISSES the remaining counts of the Indictment against the Defendant; counts 1, 2, 3, 8, 10, 13, 18, 22, and 24.

The District Court Clerk is hereby directed to enter this Order and provide copies to counsel and the United States Probation Office.

**DATED** February 18, 2016.



THOMAS O. RICE
Chief United States District Judge

FINDINGS OF FACT AFTER BENCH TRIAL ~ 9